UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

GGC INTERNATIONAL LIMITED,

                            Plaintiff,

            -against-

ROGER VER,

                          Defendant.

------------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2023

1:23-cv-1560-GHW

ORDER TO SHOW CAUSE

GREGORY H. WOODS, District Judge:

      This action was removed from the Supreme Court of the State of New York, County of New York, on February 24, 2023. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, Defendant invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ¶ 4. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

      To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Defendant alleges that he is an individual residing in Saint Kitts and Nevis. Dkt. No. 1 ¶ 5. Defendant asserts that Plaintiff is "a company headquartered and/or with a principal place of business in either: 1) Woodbourne Hall, Road Town VG 1110, British Virgin Islands, or 2) 250 Park Avenue South, 5th Floor, New York, New York 10013." Dkt. No. 1 ¶ 6.

The diversity statute, 28 U.S.C. § 1332, provides for diversity jurisdiction for disputes between, *inter alia*, "citizens of a State and citizens or subjects of a foreign state." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). It is well established that "diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

Defendant, a resident of a foreign country, is an alien. Plaintiff appears to be an alien as well. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Because "Limited" companies are not typically formed under the laws of any state of the United States, the Court believes it to be probable that Plaintiff was incorporated outside of the United States. Plaintiff would be an alien if either it was incorporated outside of the United States or if its principal place of business was located outside of the United States, as stated in the notice of removal. Therefore, it appears that this is an action between two aliens and that, therefore, diversity jurisdiction is lacking. "If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, Defendant is hereby ORDERED TO SHOW CAUSE by March 6, 2023 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: March 1, 2023  
New York, New York

                                                GREGORY H. WOODS  
                                              United States District Judge