USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 3/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GGC INTERNATIONAL LIMITED,

Plaintiff,

-against-

ROGER VER,

Defendant.

1:23-cv-1560-GHW

REMAND ORDER

GREGORY H. WOODS, District Judge:

This action was removed from the Supreme Court of the State of New York, County of New York, on February 24, 2023. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, Defendant invokes 28 U.S.C. § 1332, asserting that the parties are diverse and that the amount in controversy is over $75,000. Dkt. No. 1 ¶ 4. Because Defendant asserted that the parties were diverse, notwithstanding the fact that Defendant was an alien, and there were indications on the record that Plaintiff, too, was an alien, the Court issued an order to show cause why this case should not be remanded to state court on March 1, 2023 (the "Order to Show Cause"). Dkt. No. 3. The Order to Show Cause explained the basic requirements of diversity jurisdiction and noted that "Plaintiff would be an alien if either it was incorporated outside of the United States *or* if its principal place of business was located outside of the United States . . . ." *Id.* at 2 (emphasis added).

Defendant filed a response to the Order to Show Cause on March 6, 2023 (the "Response"). Dkt. No. 5. In the Response, Defendant acknowledges that Plaintiff "was formed under the laws of the British Virgin Islands." Response at 2. But Defendant argues that the exercise of diversity jurisdiction here is appropriate nonetheless because Plaintiff has its principal place of business in New York.

To support that argument Defendant points to the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Defendant writes the following:

> In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Supreme Court abrogated the "doing business" test and held that jurisdiction can only extend over a foreign entity that is "at home" in the state. Absent an "exceptional case," a company is only "at home" in (1) its state of incorporation *or* (2) the state in which it maintains a principal place of business.

Response at 1 (emphasis added).

Defendant's reference to *Daimler* does not support his argument for at least two reasons. First off, *Daimler* is a case about the constitutional limitations on a court's exercise of personal jurisdiction. *Daimler*, 571 U.S. at 121 ("The question presented is whether the Due Process Clause of the Fourteenth Amendment precludes the District Court from exercising jurisdiction over Daimler in this case . . . ."). The issue raised here is about another kind of jurisdiction: the scope of the Court's subject matter jurisdiction.

Second, even if *Daimler* applied here—and it does not—counsel for Defendant's argument is based on a profoundly erroneous misreading of its holding and the law on the issue of general jurisdiction. For Defendant states that the relevant law is that barring exceptional circumstances a company "is *only* 'at home' in (1) its state of incorporation *or* (2) the state in which is maintains a principal place of business." Response at 1. But as even the most cursory review of *Daimler* and the related case law would reveal, Defendant's "or" should be an "and." *See, e.g.*, *Daimler*, 571 U.S. at 137 ("*Goodyear* did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated *or* has its principal place of business . . . .") (emphasis added). Put differently, a company is at home for purposes of general jurisdiction *both* where it is incorporated *and* where it has its principal place of business. *See, e.g.*, *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home. For a corporation, it is an equivalent place, with the place of incorporation and the principal place of business being the paradigm bases.").

The second fundamental flaw in Defendant's Response rests in its failure to consider the statutory language of 28 U.S.C. § 1332(c). Pursuant to the statute "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c) (emphasis added). "The principal effect of Section 1332(c) is obviously to establish dual citizenship for most corporations—in the state of a company's incorporation and in the state in which the organization's principal place of business is located—thereby reducing the options for establishing corporate diversity jurisdiction." 13F Fed. Prac. & Proc. Juris. § 3624 (3d ed.).

Defendant's Response points to the Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Response at 2. The citation to *Hertz*, unlike Defendant's reference to *Daimler*, is on point to a degree: *Hertz* relates to the issue of citizenship in the context of diversity jurisdiction. And Defendant's Response fairly outlines the holding of *Hertz* regarding how one determines the location of a corporation's principal place of business. *Id.* But the Response fails to recognize that the location of Plaintiff's principal place of business is immaterial because a corporation is a citizen of *both* the place where it is incorporated *and* where it has its principal place of business. *See Hertz*, 559 U.S. at 80 ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*.' We seek here to resolve different interpretations that the Circuits have given this phrase.") (emphasis in original) (internal citation omitted); *see also* 13F Fed. Prac. & Proc. Juris. § 3628 (3d ed.) ("The 2011 Federal Jurisdiction and Venue Clarification Act has simplified this question immensely, as the statute now explicitly states that corporations are citizens of their state of incorporation and the state of their principal place of business, regardless of whether those states are foreign or domestic.").[1]

[1] The Order to Show Cause makes clear that the Court understood that jurisdiction would be lacking if the corporation was either incorporated in or had its principal place of business in a foreign jurisdiction. Order to Show Cause at 2

The Court does not have subject matter jurisdiction over this action. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Because, according to the Response, Plaintiff was incorporated in the British Virgin Islands, it is an alien. And Defendant is an alien. It is well established that "diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Therefore, the Court lacks diversity jurisdiction over this action and remands it to the Supreme Court of the State of New York, County of New York.

The Clerk of Court is directed to remand this case to Supreme Court of the State of New York, County of New York without delay.

SO ORDERED.

Dated: March 7, 2023
New York, New York

GREGORY H. WOODS
United States District Judge

("Plaintiff would be an alien if either it was incorporated outside of the United States or if its principal place of business was located outside of the United States, as stated in the notice of removal."). By focusing only on the issue of the location of Plaintiff's principal place of business, Defendant's Response did not address the concern highlighted by the Court.